Leeds & Co. vs. Hardy et al.

---

## No. 10,966.

### LEEDS & CO., LIMITED, VS. J. N. HARDY ET AL.

The lien and privilege whereby the taxes for 1880 were secured are subject to the prescription of three years.

The property being owned by third persons, they are ineffective as against them.

The same law which grants a privilege to the city to secure the payment of its taxes subjects that privilege to the prescription of three years.

A purchaser who denies that there are any taxes due on the property he buys can not be held to have assumed the payment of taxes or to have acknowledged the lien and privilege by having added, after having denied that there were any taxes due, that if, however, there was any due he would pay them.

The City of New Orleans is not liable in damages for having claimed taxes and a lien and privilege on the property for taxes, which the court holds are prescribed.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*B. R. Forman* for Plaintiffs and Appellees:

1. Property employed in the manufacture of machinery and agricultural implements, where not less than five hands are employed, is exempt from all taxation for a period of ten years from the adoption of the Constitution (December, 1879), say 1st January, 1880, to 31st December, 1889. Constitution, Art. 207.

2. All taxes, tax privileges and tax mortgages are prescribed by three years, and this prescription is only suspended or interrupted by an injunction, which prevents the collection. Act 96, 1877, p. 142, Secs. 36, 102; Act 77, 1880, p. 95, Sec. 24; Act 96, 1882, p. 130, Sec. 24; Act 98, 1886, p. 145, Sec. 34; Act 85, 1888, p. 124, Sec. 33

3. Unrecorded claims for taxes do not affect property in hands of third persons. Constitution, Art. 176.

4 Assessments made in name of a person not the owner are void. Stafford vs. Twitchell, 33 An. 816, and other cases cited.

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Defendants and Appellants:

The city tax of 1880, imposed by ordinance in December, 1879, on assessment rolls furnished by the State Board of Assessors in November, 1879, were not repealed or affected by the adoption of Art. 207 of the Constitution subsequent thereto· New Orleans vs. Yergnole, 33 An. 36; Succession of Dupuy, Ib. 258; New Orleans vs. Lhote, 35 An. 1177; State ex rel. Stern vs.. City, 40 An. 697; 4 So. R. 891; Louisiana Ice Manufacturing Co. vs Tax Collector, 42 An. 669; 7 So. R. 898.

The opinion of the court was delivered by

BREAUX, J.    This case was remanded to be proceeded with in accordance with the views expressed in the opinion, ordering it to be remanded.

After it had been remanded a compromise was effected, in compliance with which all the taxes were paid, except those for 1880, and all the issues were settled, except those relating to the taxes sought to be collected for that year. .

In remanding the case the rights of both parties were reserved. Leeds & Co. vs. Treasurer, 43 An. 813.

By agreement the evidence admitted at the first trial is of record in this appeal.

At the second trial plaintiff introduced the record of a suit of the City of New Orleans vs. Charles J. Leeds, No. 454.

It was proven in said case that the taxes were levied on the assessment roll of 1879 against Charles J. Leeds, prepared by the department of assessments.

Ordinances of the council accepting and approving the rolls of that year, as the basis of taxation for the year 1880, were also introduced in evidence.

The City of New Orleans, in said case, sued Chas. J. Leeds for city taxes of 1880, levied on the assessment of 1879, for the sum of $1327.50.    (Being the same taxes for which the present suit was brought.)

The defendant's exception to this action [alleged no cause of action, inasmuch as the assessment rolls of 1879 were vacated by Sec. 5, Act 77 of 1880, which provided that "no State or parish taxes shall be collected on the assessment made in the year 1879.

Without waiving his exception the defendant filed an answer, in which he denied that the property described as being in square No. 122 belonged to him, but alleged that it was the property of Leeds & Co., and he averred that the property was employed in the manufacture of machinery and agricultural implements, and that more than five hands were constantly employed in the said manufacture, and that it was, therefore, exempt from taxation.

As to this property, the District Court decided that he could not stand in judgment, as it was not his property.

With reference to the property in another square, viz., 202, as it belonged to the defendant, he was condemned to pay the taxes thereon, amounting to $247.50.

In all other respects the claim of the city was rejected.

The court reserved to the city the right to assert its claim against the firm of Leeds & Co. This judgment was rendered April 29, 1881. No appeal was taken from this judgment. It is pleaded as *res judicata.* We will not decide that plea, for the reason that a decision on the plea of prescription disposes of the case. It appears of record that, on the second day of August, 1878, the old firm of Leeds & Co., owners of the said manufacture, had been dissolved and a partnership was formed.

The interest of the said Charles Leeds in the partnership was nine-sixteenths and that of Miss Julia Leeds seven-sixteenths.

In June, 1889, it became the property of Leeds & Co., Limited.

In 1890 two lots of ground, viz., 8 and 9, in square 122, were advertised for the taxes of that year, due by Charles J. Leeds; also six other lots were separately advertised for taxes of the same year, situate in the same square.

Two other lots in the same square were advertised for taxes of that year, due by the said Leeds or Leeds & Co.

The act of sale from Leeds & Co. to Leeds & Co., Limited, contains the following:

"That said Thomas Leeds, vice president of Leeds & Co., Limited, * * hereby assumes all the other debts and liabilities of the firm of Leeds & Co., composed of Charles J. Leeds and Miss Julia

Horne Leeds, per act of Chas. T. Soniat, notary, dated the 2d August, 1878, and in consideration of this assumption the said Charles J. Leeds and the heirs of Julia Horne Leeds do hereby sell, etc. As regards the tax inscriptions in favor of the city and State, mentioned in the mortgage certificate and as per the hereto annexed city and State tax certificates, the said vendors declare that the above described property is exempt from taxation and should never have been assessed, and they declare that said taxes are not due, and they do hereby bind themselves to cause said inscriptions to be canceled from said certificates as soon as possible; however, it is agreed that, should said taxes be declared due, then the corporation of Leeds & Co., Limited, shall pay same."

The reservation contained in the judgment of April 26, 1881, did not bind Leeds & Co., third persons.

As to them it is as if no reservation had been made.

It is made manifest by the reasons for the judgment and the terms of the judgment, that the claim as against the defendant, except as to the amount before mentioned, was rejected.

We have noted the fact that part of the property for 1880 was assessed in the name of Charles J. Leeds, and that certain lots were assessed in the name of Charles J. Leeds and Leeds & Co.

The corporation of Leeds & Co., Limited, third persons in law, of which corporation six different persons are the members, allege and prove that they are the owners of the said property since June, 1889, and they plead the prescription of three years.

Commencing with Succession of Samuel Stewart, 41 An. 131, in which it was held "that the lien, privilege and pledge resulting from the inscription of the taxes due the city of New Orleans from the taxes of 1880 and 1882, are prescribed, but that the taxes of 1880 and 1882 are still due said city, which remains as an ordinary creditor for the amounts thereof and entitled to be paid accordingly," this court has uniformly decided that the three years' prescription applies to tax liens and privileges, but not to the taxes themselves.

This principle was reaffirmed in the case of Leeds & Co. vs. Treasurer, 43 An. 812.

Whatever of personal responsibility remains against the tax debtor can not be invoked as against third persons.

They can only be held for tax privileges extant.

There are no proceedings under which third persons can be held for the payment of such a tax.

Not long since a question in *pari materia* was before this court for determination.

"The city," said the court, "admits that the liens and privileges are presented for the taxes of 1887 and prior years; therefore, we are relieved from the necessity of examining that question.

"We can discover no possible force in the city's contention that plaintiffs must be denied relief, because it was stipulated in their act of mortgage that the mortgagor should pay the accruing taxes. · * · * * The city further contends, as we understand it, that plaintiffs are entitled to no relief of the prescription of the privileges, because the taxes themselves are not prescribed. * *

The code defines a privilege to be 'a right which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have a mortgage.' " C. C., Art. 3186.

"The law granted this privilege to the city for its taxes; but the same law declares that the privilege should be prescribed by three years."

* * * "Obviously, when the privileges for these taxes were prescribed, the taxes became mere personal claims against the tax debtor, having no greater rights against this particular property than against any other property of the debtor." Schelefield, Goodman & Co. vs. Succession of B. J. West & Co., *ante.*

We therefore conclude that the lien and privilege, as against the plaintiff, are prescribed.

The defendants contend in argument that by the express assumption before copied in our opinion plaintiffs are estopped from contesting the regularity and legality of the assessments upon which the taxes involved were levied.

We limit the issue entirely to the question of prescription of the lien and privilege, and eliminate from consideration "all questions of the regularity and legality of the taxes," as they present issues not necessary to decide in the case.

A purchaser who denies in the first place that there are taxes due on the property he buys can not be held to have assumed the debt and to have taken the lien and privilege by which it is secured out of prescription in having added that if, however, there were any

taxes due he would pay them. That an assumption of a debt may be judicially enforced it must be clear, explicit and certain.

The plaintiffs not having assumed the debt, and not having acknowledged the lien and privilege, are not estopped.

"An estoppel must be certain to every intent, and is not to be taken by argument or inference." Best., p. 527.

Plaintiff alleged that it has been damaged in attorney's fee, vexations and annoyances in the sum of $500.

The court a qua decided that the taxes could not be recovered, and allowed damages in the amount claimed.

The city through counsel acted in good faith.

The questions were properly litigated, and do not manifest the least desire to annoy or to be vexatious.

We have not discovered the least ground for allowing damages.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed in so far as it perpetuates the injunction sued out, and in every respect, except in so far as relates to the "sum of five hundred dollars as damages with legal interest from January 4, 1892," which are rejected, and in that respect the judgment is amended and no damage is allowed.

As amended the judgment is affirmed at appellee's costs.